**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 00-20817
Summary Calendar**
_____

**AL MCZEAL,**

**Plaintiff-Appellant,**

**versus**

**OCWEN FINANCIAL CORP.; OCWEN FINANCIAL SERVICES INC.;
OCWEN FEDERAL BANK, FSB,**

**Defendants-Appellees.**

**Appeal from the United States District Court
for the Southern District of Texas
(H-00-CV-913)**

**March 28, 2001**

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

In addition to challenging the dismissal of his claims under the Fair Debt Collection Practices Act (FDCPA), the Fair Housing Act (FHA), the Truth in Lending Act (TILA), and the Texas Deceptive Trade Practices Act (TDTPA), Al McZeal, _pro se_, contests the denial of his request for a default judgment.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On 23 October, 1990, McZeal, a black male, executed a $48,050 promissory note, secured by a lien against his home.  After several transfers, the note and lien were assigned to Ocwen Federal Bank, FSB, on 7 March 1997.  McZeal defaulted on the note; Ocwen Bank undertook foreclosure proceedings.  McZeal brought this action against Ocwen Bank, Ocwen Financial Corp. (Ocwen Bank's parent corporation), and Ocwen Financial Services, Inc., a subsidiary of Ocwen Financial Corp. (collectively, Ocwen).

McZeal contends the district court erred by *not* entering a default judgment upon Ocwen's failure to file an answer.  Ocwen filed a Rule 12(b)(6) motion to dismiss for failure to state a claim, or, alternatively, a Rule 12(e) motion for a more definite statement.  It was *not* required to file a responsive pleading until the court ruled on its pending motion.  FED. R. CIV. P. 12(a)(4). McZeal contends, for the first time on appeal, that the district court should have entered a default judgment on the claims for which Ocwen failed to move for dismissal; and the district court erred in granting Ocwen's motion for a more definite statement. McZeal must show a plain error that affects his substantial rights. *E.g.,* **Craddock Int'l Inc. v. W.K.P. Wilson & Son, Inc.**, 116 F.3d 1095, 1105 (5th Cir. 1997).  He has *not* done so.

We review *de novo* the dismissal of a complaint for failure to state a claim upon which relief can be granted.  *E.g.,* **Beanal v. Freeport-McMoran, Inc.**, 197 F.3d 161, 164 (5th Cir. 1999).  A

2

complaint may *not* be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove *no* set of facts in support of his claim which would entitle him to relief". **Id.** (emphasis added; citations omitted). The complaint is construed liberally in favor of the plaintiff, with all facts pleaded in the complaint considered to be true. **Id.**

McZeal conceded that Ocwen is a creditor, as defined under 15 U.S.C. § 1692, and a creditor, such as Ocwen, that collects its own debt obtained prior to default is *not* a debt collector under the FDCPA. **Perry v. Stewart Title Co.**, 756 F.2d 1197, 1208 (5th Cir. 1985). Therefore, McZeal *cannot* state a FDCPA claim.

McZeal claims Ocwen is liable under 15 U.S.C. § 1611, the criminal liability section of TILA. Because Ocwen is an assignee of McZeal's note, it is *not* liable under the TILA unless the alleged violation is apparent on the face of the note. 15 U.S.C. § 1641(e). McZeal did *not* plead a specific TILA violation, much less a violation apparent on the face of the note. McZeal *cannot* state a TILA claim.

Violation of the FHA may be established either by proof of discriminatory intent or a significant discriminatory effect. *E.g.,* **Simms v. First Gibraltar Bank**, 83 F.3d 1546, 1555 (5th Cir.), *cert. denied*, 519 U.S. 1041 (1996). McZeal has *not* identified an Ocwen policy, procedure or practice that has a significantly greater discriminatory impact on members of a protected class. *See*

3

*id.*  Nor has he alleged that Ocwen discriminated against him by refusing to engage in a residential real estate-related transaction, or in the terms or conditions of such a transaction. *See* 42 U.S.C. § 3605.  To the contrary, Ocwen *assumed* McZeal's note.  McZeal *cannot* state a claim under § 3605 of the FHA.

Because his § 3605 claim fails, McZeal's claim under § 3617 must also fail.  *See* 42 U.S.C. § 3617 ("It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of ... any right granted or protected by ... section 3605 ... of this title.").  Further, McZeal *cannot* state a claim under § 3631; it is a criminal statute under which there is *no* private cause of action.  *See* 42 U.S.C. § 3631.

McZeal is *not* a consumer under the TDTPA; therefore, he *cannot* state a claim under that Act.  *See* **Federal Sav. & Loan Ins. v. Kralj**, 968 F.2d 500, 507 (5th Cir. 1992) (person who receives money in form of credit *not* consumer).

McZeal has abandoned any challenge to the dismissal of his numerous other claims, such as under RICO.  *E.g.,* **Eldredge v. Martin Marietta Corp.**, 207 F.3d 737, 742 n.5 (5th Cir. 2000) (issues *not* raised on appeal are abandoned).

*AFFIRMED*

4